

**UNITED STATES BANKRUPTCY COURT**
**Western District of North Carolina**
**Statesville Division**

Case No. 13−50815
Chapter 13

In Re: Debtor(s) (name(s) used in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| Thad Walker Snow | Erin Leigh Snow |
| 7993 Summit Ridge Drive | 7993 Summit Ridge Drive |
| Catawba, NC 28609 | Catawba, NC 28609 |
| Social Security No.: xxx−xx−0152 | Social Security No.: xxx−xx−8181 |

# DISCHARGE OF JOINT DEBTORS
# BEFORE COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtors are entitled to a discharge,

**IT IS ORDERED:**

The debtors are granted a discharge under section 1328(b) of title 11, United States Code, (the Bankruptcy Code).

Dated: September 26, 2014                         BY THE COURT

                                                  Laura T. Beyer
                                                  United States Bankruptcy Judge

Electronically filed and signed (9/26/14)

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

## EXPLANATION OF BANKRUPTCY DISCHARGE
## BEFORE COMPLETION OF PLAN PAYMENTS IN A CHAPTER 13 CASE

This court order grants a discharge to the person(s) named in the order. After notice and a hearing, the court has determined that the debtor is entitled to a discharge pursuant to section 1328(b) of the Bankruptcy Code without completing all of the requirements under the chapter 13 plan. Because this discharge is granted pursuant to the hardship provisions of section 1328(b), it is referred to as a chapter 13 "hardship discharge." It is not a dismissal of the case.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor(s), a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case "hardship discharge" are:

  a. Debts for most taxes;

  b. Debts that are in the nature of alimony, maintenance, or support;

  c. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

  d. Debts for most student loans;

  e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

  f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

  g. Some debts which were not properly listed by the debtor;

  h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

  i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

  j. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**